**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** _____

STARFIGHTERS SPACE, INC.,
FORTUNA INVESTMENT CORP.,
FORTUNA ADVISORS LLC, BLUE BIRD
CAPITAL ENTERPRISES LLC, and
JUSTUS PARMAR,

      Plaintiffs,

v.

DOES 1 through 10,

      Defendants.

_____/

**COMPLAINT**

Plaintiffs Starfighters Space, Inc. ("Starfighters"), Fortuna Investment Corp. ("Fortuna Investment"), Fortuna Advisors LLC ("Fortuna Advisors"), Blue Bird Capital Enterprises LLC ("Blue Bird"), and Justus Parmar ("Parmar") (jointly, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against unnamed Defendants Does 1 through 10 ("Defendants") and in support thereof allege as follows:

**NATURE OF THE ACTION**

1.      This action arises from a coordinated and unlawful "short and distort" campaign and market-manipulation scheme in which Defendants took (or arranged) short positions in Starfighters' publicly traded securities and then seeded the market with purported "research" containing materially false and misleading statements of fact, timed and amplified to induce panic selling and drive Starfighters' stock price down so Defendants could profit by covering at an artificially depressed price.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

2.      Defendants executed this scheme through anonymous online Platforms they control under the pseudonym Umibōzu Research ("Umibōzu"). On April 10, 2026, a domain hosted by GoDaddy Inc., www.umibozuresearch.com (the "Website"), published a report titled "Starfighters Space: A 1950s 'Flying Coffin' Masquerading as the Next SpaceX, Led by Vancouver Stock Promotion Network" (the "Report").[1] In the Report, the author discloses themselves to be a short seller. The Report was then re-published and amplified by the social media account on X (f/k/a Twitter) bearing the handle @umibozuresearch (the "X Account"), via posts published on multiple dates following the Report's publication on the domain (the "Posts"). The publisher and/or author of the Report and the Posts, and the actual registrant and owner of the domain are anonymous and unidentifiable without discovery. The Website and X Account continue to republish and promote the falsehoods to sustain the manipulation and the resulting harm.

3.      Defendants are the anonymous author(s) of and contributor(s) to the Report and the Posts. Defendants are also the anonymous registrant(s) and owner(s) of the Website and the X Account (together, the "Platforms"). Accordingly, Defendants are also the distributors of the Report and Posts on the Platforms.

4.      The Report and Posts purport to present objectively verifiable facts but instead contain numerous demonstrably false and misleading statements about Starfighters' operations, technology, leadership, and finances, as well as false and defamatory statements about "Fortuna" and Parmar, all calculated to undermine investor confidence and depress Starfighters' share price. The campaign caused immediate market harm and continues to inflict ongoing reputational and

---

[1] A copy of the Report has not been attached to this Complaint to avoid furthering the reputational and financial damage that the Report has already caused (and continues to cause) to Plaintiffs. The Report is publicly available on the Website. Additionally, upon request, Plaintiffs can submit a copy of the Report to the Court for its in camera review.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

economic injury, while Defendants refuse to retract or correct their statements after notice. Defendants escalated the misconduct by publishing a copyrighted photograph of Parmar's minor child and disseminating sensitive personal information, including by providing a link in the Report to a Zillow page for Parmar's Los Angeles home, which includes the full street address for the property, creating safety risks and irreparable harm.

5.      Plaintiffs now bring this action to identify the anonymous wrongdoers, to halt the ongoing dissemination of their false and misleading statements and other unlawful conduct, and to recover damages and injunctive relief for the economic and reputational injury Defendants have inflicted.

## PARTIES

6.      Plaintiff Starfighters is a corporation formed under the laws of Delaware with its principal place of business in Kennedy Space Center, Florida. Starfighters is a publicly traded aerospace company listed on the New York Stock Exchange (NYSE) (trading under the ticker symbol "FJET"). Starfighters operates an active fleet of F-104 aircraft and plans to offer launch services and Access to Space services for commercial, academic, civil and government clients.

7.      Plaintiff Fortuna Investment is a corporation formed under the laws of British Columbia, Canada, with its principal place of business in Vancouver, British Columbia. Fortuna Investment is an investment and advisory firm with established operational offices in the United States, including in Miami Beach, Florida.

8.      Plaintiff Fortuna Advisors is a limited liability company organized under the laws of Delaware with its principal place of business in Miami Beach, Florida.

9.      Plaintiff Blue Bird is a limited liability company organized under the laws of Delaware with its principal place of business in Miami Beach, Florida.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

10.     Plaintiff Parmar is a resident of Florida. Parmar is the founder and Managing Director of Fortuna Investment. Plaintiffs Fortuna Advisors and Blue Bird are under Parmar's full ownership and control.

11.     Defendants Does 1 through 10 are the publisher(s) and/or operator(s) of Umibōzu, whose true identity is unknown and will be determined through discovery, and who publish and distribute reports and posts on their domain umibozuresearch.com and further publish and distribute on X under the handle "@umibozuresearch." Plaintiffs will amend this Complaint to allege the true name(s) and capacities of Does 1 through 10 upon discovery thereof.

## JURISDICTION AND VENUE

12.     Jurisdiction is conferred by § 27 of the Securities Exchange Act of 1934 as amended (the "1934 Act"), as well as 28 U.S.C. §§ 1331 and 1337. The federal securities claims asserted herein arise under § 78 of the 1934 Act, Securities Regulation M, and Rule 10b-5 promulgated thereunder. This Court has jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

13.     Venue and jurisdiction are proper in this Court under the provisions of 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Further, Plaintiffs Fortuna Investment, Fortuna Advisors, and Blue Bird all either have offices in this district or have their principal place of business in this district. Plaintiff Parmar is a resident of this district.

## FACTUAL ALLEGATIONS

14.     In or about January 2026, Defendants created the Umibōzu Research Website and the X Account as part of a scheme to destroy the reputation of Starfighters and entities or individuals with ongoing affiliations and business relationships with Starfighters—namely,

Fortuna Investment, Fortuna Advisors, Blue Bird, and Parmar—through "short and distort" campaigns,[2] and to profit through the short sale of securities in Starfighters.

15.     Defendants represent to the public that Umibōzu is an investigative entity, which "exists to surface what others overlook."

16.     On information and belief, Umibōzu is not organized as a legal entity and has no identifiable managers, members, directors, officers, employees, or clients.

17.     Umibōzu registered its domain through GoDaddy on January 11, 2026, with the registrant's identity concealed behind Domains by Proxy, LLC. Umibōzu has published the Report on its Website. The Report, which is defamatory, is the only report published on Umibōzu's Website.

18.     In the Report, the author of the publication discloses a short position in Starfighters' publicly traded securities at the time of publication.

19.     Umibōzu has also republished and amplified the Report through its X Account. The Report is pinned to the profile and otherwise posted on Umibōzu's X Account. Umibōzu is a "premium" user of X, which means that it is a paid subscriber of X and has access to enhanced features. As relevant here, premium users can promote posts to reach a wider audience. Umibōzu has repeatedly and continuously promoted (and continues to promote) the Report and its contents on its X Account. X publicly displays the number of times each post has been viewed directly beneath the post, visible to any user who accesses it, reflecting the total number of times the post

---

[2] As further detailed below, short and distort schemes are an illegal and predatory practice through which individuals, like Defendants here, first short a stock and then inject distorted information into the market through in the hopes of driving the share price off a cliff, so that they can later buy the stock back at a steep discount.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

has been displayed to X users. The Posts were viewed by hundreds of investors and market participants.

20.     Although Plaintiffs ultimately obtained the removal of certain Posts through X's platform processes, the X Account remains active, the Report remains published on the Website, and Defendants retain the unfettered ability to republish the removed Posts or publish new posts containing the same false and defamatory statements at any time, rendering platform-level removal an inadequate and temporary remedy. Indeed, the X Account continues to post personal and reputational attacks on people and entities with former and current relationships with Starfighters, including most recently, a post on April 24, 2026.

## A. Short-and-Distort Campaigns

21.     To sell a stock "short" is to bet its price will fall. To place the bet, the short-seller borrows the stock from a broker, sells it, and retains the proceeds—all with a plan to buy replacement shares back later at a lower price. If the bet is right, and the stock price declines, the short seller can count as profit the difference between the price he was able to get before the drop and what he had to pay later to buy the replacement shares for the broker (that is, to "close out" the short position). Because a stock's price can never fall below $0, the short seller's potential gains are capped at the proceeds from his initial sale. But because there is no limit to how high a stock price can rise, and because a short seller must eventually close out his position, the potential losses are uncapped. Short sellers, in other words, face unlimited downside risk.

22.     As a result, some short sellers choose to load the dice: by publishing, funding, or otherwise promoting false and misleading information about the companies they bet against, short sellers can drive down those companies' stock prices and generate profit for themselves.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

Investment analysts without short positions but who recommended that their readers short a company might also join in to preserve their reputations and maximize subscription dollars.

23.     In essence, a short and distort stock scheme occurs when short sellers borrow securities, sell them, and then drive the price of the target company's securities down by spreading materially false, misleading, defamatory, and disparaging information about the company. Once the company's stock drops to an artificially low price, the short sellers repurchase and return the borrowed securities, pocketing the difference.

24.     Umibōzu's entire existence is premised upon such a short and distort stock scheme directed at Plaintiff Starfighters. This is evident from the fact that Umibōzu has published no other reports, articles, or publications, on any of the Platforms (or, on information and belief, on any other publicly available source), other than the Report and the Posts relating to Plaintiffs.

25.     Defendants self-publish their Report, which purports to be an "investigative" report, via the anonymous Umibōzu, directly to the public and on social media platforms like X.

26.     Generally speaking, this short and distort practice has come under increasing regulatory scrutiny, in particular where publishers, like Defendants, make material factual claims about a business (e.g., that the business has engaged in fraud or misrepresentations) without any credible basis to support such theories. These "claims" purport to have supportive "evidence," but no such evidence exists. This practice is also often accompanied by an admission from publishers like Defendants that they have taken a short position in the target security.

27.     Short selling is legal in this country. Publishing false information to maximize profits and artificially shield against losses from short selling is not. These "short-and-distort" campaigns are recognized by the U.S. Securities and Exchange Commission as a form of illegal market manipulation.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

**B. The Report**

28.     On or about April 10, 2026, Defendants issued a self-published report titled "Starfighters Space: A 1950s 'Flying Coffin' Masquerading as the Next SpaceX, Led by Vancouver Stock Promotion Network". In the Report, Defendants admit that "[w]e are short."

29.     The Report makes many material misstatements of fact concerning Starfighters' operational independence, corporate structure, and go-forward viability as a company, among other things. It makes material and offensive misstatements concerning Parmar's personal and professional reputation. It also makes material misstatements concerning self-dealing by Fortuna Investment's officers and concerning Fortuna Investment's operational presence in the United States. Furthermore, because the Report refers to (presumably) Fortuna Investment as simply "Fortuna," the Report's false and defamatory statements have also negatively impacted the goodwill of Fortuna Advisors.

30.     While masquerading as purported investigative journalism (making the report all the more damaging), Umibōzu's stated conclusions rely solely on unsupported conjecture, mistaken beliefs, and untrue assumptions, stated as fact, and make huge "logical" leaps based on multiple unfounded assumptions and little evidence of anything, while also misstating and misunderstanding basic aspects of the underlying technology.

31.     The Report is a wildly inaccurate report that is false, defamatory, and appears on its face to have been intentionally published by Defendants to fraudulently drive down Starfighters' share price without regard for the truth or the serious damage caused. Indeed, the name of Umibōzu including the word "research," calling the article a "report," as well as references in the Report to "[o]ur investigator," "obtained . . . documents," "the data shows," and "our analysis," among other technical language and analysis creates an implication of authority and

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

thorough investigation; increasing the perceived credibility of the author and the facts underlying the Report.

32.     As a direct result of the Report and Posts, the price of Starfighters shares (FJET) plunged by more than 22%—from $5.63 per share at opening on April 9 when the Report was published to a low of $4.39 per share on April 13. On information and belief, Defendants' short and distort scheme resulted in a profit to each of the Defendants, as well as to other short sellers who may have been solicited by Defendants. Indeed, the value of short positions taken on Starfighters stock increased continuously until April 9, when more than 2% of the total market capitalization of stock was held in a short position and subsequently covered for a profit. In other words, when the Report was published, the Defendants' short position peaked.

33.     Starfighters, Fortuna Investment (as the entity wrongly named in the Report), Fortuna Advisors (as an affiliate of Fortuna Investment with a similar name and as an advisor to Starfighters), Blue Bird (as a holder of a significant financial stake in Starfighters) and Parmar (as a victim of the Report and the managing director of Fortuna Investment) have suffered and will continue to suffer irreparable harm absent an order requiring Defendants to (1) correct the false statements and misstatements they have disseminated to date, and (2) cease and desist from making false and misleading statements about Plaintiffs and/or their affiliates.

### C.  The Report Publishes Copyrighted Image of a Minor

34.     The Report brazenly publishes a photograph of Parmar's four-year-old son (the "Photograph"). This Photograph was taken by Courtney Crow during the NYSE bell-ringing ceremony for Starfighters Space's listing in February 2026 and was subsequently re-published by Parmar, who holds a right to use the NYSE's copyrighted Photograph. The Photograph displays the minor's face and likeness. The Photograph is a copyrighted image owned by NYSE Group,

Inc., and its use is subject to an On-Premises Filming and Photography Permission and Use Agreement ("Copyright Agreement"), granting a limited non-transferable and non-sublicensable license exclusively to Starfighters and Parmar for use on corporate channels. Defendants neither requested, nor received the consent or authorization of any parent or guardian for the publication of the minor's image or likeness and did not receive a license to use the copyrighted work.

35. Defendants' publication of the Photograph has caused personal harm to Parmar and his family. As a result of the publication of the Photograph, in conjunction with the publication of a residential address associated with Parmar in California, where his minor child resides, Parmar has been exposed to increased threats and harassment. This has caused injury to Parmar, his son, and any members of his family residing in his California residence. Additionally, publication of the Photograph without the consent of its copyright owner and in violation of the Copyright Agreement offends the Plaintiffs' bargained-for exclusive right to publish the Photograph.

36. On April 23, 2026, Parmar filed a police complaint with the Los Angeles Police Department for harms arising from the publication of the Photograph and his California residential address.

**D. False and Defamatory Statements Against "Fortuna"**

37. The Report contains a litany of false and defamatory statements concerning the Plaintiffs, which do not amount to opinion or fair commentary.

38. The Report states that despite "claiming to have four US offices," Fortuna Investment[3] "appears to lack any real operational presence in the country" and states that its Miami headquarters "was taken over by a paddleboard rental shop." The Report further elaborates that

---

[3] Fortuna Investment does not presently have a legal relationship with Starfighters, nor has it had any such relationship since December 2024, and is nonetheless negligently named in the Report.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

"Our investigator visited 1800 Sunset Harbour in Miami Beach . . . [and] they told us Fortuna had moved out a few months ago and that they'd only ever seen someone at the office once." These statements, which accuse Fortuna Investment of lying about its presence and footprint in the United States, and faking an American operating presence, are demonstrably false. The Report's "investigator" visited 1800 Sunset Harbour Drive—an address Fortuna Investment had already vacated prior to the "investigation."

39.     Fortuna Investment's Miami Beach office is located at 1695 Alton Road, Miami Beach, Florida 33139. The article's false reporting was the product of either a deliberate misrepresentation or a reckless failure to verify current address information before publication. Lease records, utility records, and contemporaneous occupancy documentation confirm the actual operational office location and directly refute this claim.

40.     The Report makes false statements about both Fortuna Investment (and, by association, Fortuna Advisors) and Starfighters by stating that "Fortuna used the same playbook . . . secure cheap equity, install a recycled team of Vancouver affiliates, pitch a bullshit story, and pay for rampant stock promotion. We observe these events unfolding at FJET in real-time." This statement attributes Starfighters' independent corporate decisions to "Fortuna," accuses "Fortuna" of intentionally engineering stock promotions with recycled insiders and false narratives, and asserts that "Fortuna" took over Starfighters, operates under a common "playbook" with Starfighters, and directed Starfighters' paid promotion and investor relations activities, including specifically the engagement of CDMG, Inc. These assertions are false. Despite being named (once) in the Report, Fortuna Investment has no legal relationship whatsoever with Starfighters. Rather, Fortuna Advisors serves in an advisory capacity to Starfighters. Thus, the Report contains numerous material misstatements and falsities about both Fortuna Investment and Fortuna

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

Advisors. Moreover, all decisions regarding the engagement of service providers, including any investor relations or promotional vendors, were made independently by Starfighters' board of directors and senior management. Neither Fortuna Investment nor Fortuna Advisors engages CDMG. The Report's repeated characterizations of Starfighters' independent corporate decisions as "Fortuna-led" are false statements of fact designed to manufacture a false impression of control and wrongdoing.

### E.  False and Defamatory Statements Against Parmar

41.     The Report characterizes Parmar as having "began his career as a bucket shop broker, bringing companies like Reliq Health Technologies . . . public." This statement implies that Parmar has an illegitimate or unethical brokerage history and bears direct responsibility for suspicious deals. Both the characterization and the factual predicate are false. Parmar began his career at legitimate, registered financial institutions, including Global Securities, Jordan Capital Markets, and Macquarie Bank. The loaded pejorative "bucket shop broker" is a false statement of fact that implies fraudulent or criminally unlawful brokerage conduct. Moreover, Parmar did not "bring Reliq Health Technologies public." In his role as a broker, some investors he managed were involved in a predecessor transaction involving a company then-named Moseda Technologies. The Report's conflation of that advisory role with Reliq's subsequent public listing—and with a BCSC enforcement action in which Parmar was never named or implicated—is deliberately misleading, reputationally harmful, and factually false. Parmar left the brokerage business entirely in 2015, years before the events described in the Report. The gross mischaracterization and false factual allegations against Parmar have harmed his personal and professional reputation and falsely associated him with unlawful and immoral conduct.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

42.     The Report states that "One of Fortuna's earliest investments was Atlas Blockchain, an aspiring crypto miner. Atlas was aggressively promoted alongside notorious pump-and-dump operators like Fred Sharp, whom the SEC charged for a $1 billion illegal trading operation labeled 'a sophisticated, multiyear, multinational attack on the United States financial markets and United States retail investors.'" This insinuates that Parmar had a meaningful relationship with Fred Sharp, an individual the SEC charged in connection with a large-scale illegal trading operation, by virtue of Parmar's minority shareholding in Atlas Blockchain. This insinuation is fallacious and false. Parmar was a minority shareholder in Atlas Blockchain and never met Fred Sharp. The Report deliberately obscures Parmar's minority passive investor status to manufacture an association with serious securities fraud that has no basis in fact.

43.     The Report misleadingly characterizes Parmar as "one of Vancouver's most under-the-radar yet prolific stock promoters" who has spent two decades "riding hot themes . . . leaving a trail of over a dozen collapsed, delisted, or cease-traded companies in his wake." This characterization falsely portrays Parmar as a dishonest stock promoter tied to repeated failures and public market abuse, and portrays "Fortuna" as exercising control over all the companies mentioned, suggesting that their purported failures stem from this alleged control. In reality, Fortuna Investment often acted solely as an investor, without providing significant services or exerting any operational influence beyond publicly backing these businesses. Furthermore, the Report intentionally makes no mention of Fortuna Investment's or Parmar's materially successful investments and transactions.

44.     A publication that presents a deliberately one-sided and incomplete picture of an individual's professional history, cherry-picking failures while suppressing well-documented successes to manufacture a false narrative of serial misconduct, goes beyond fair commentary. It

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

is a false statement of fact by selective omission and has harmed Parmar's heretofore stellar professional reputation.

### F.   False and Defamatory Statements Against Starfighters

45.   The Report states that "Fortuna has had six affiliates at FJET, including four directors and two CFOs." This statement suggests the involvement of Fortuna Investment and Starfighters personnel in insider stacking and lack of independence or legitimacy in management or governance. This claim is false. Except Frostee Rucker, who is correctly identified in the Report as a former director of Starfighters and a current vice president at Fortuna Investment, none of the individuals that the Report purports to identify as "Fortuna affiliates" hold that status, and there are certainly not "six affiliates." The Report confuses the ordinary and disclosed business practice of investment firms ordinarily participating in the governance of companies in which they invest with undisclosed or improper affiliation. For example, Olga Balanovskaya, specifically cited in the Report as a "Fortuna affiliate," is not a Fortuna Investment affiliate, and has never been employed by Fortuna Investment. The Report's use of the term "Fortuna affiliate" is misleading and a false characterization unsupported by any disclosed or actual corporate relationship.

46.   The Report states that Starfighters is a company with "antiquated technology and unqualified leadership, masquerading as an emerging launch platform. Our research found no credible rocket program – and substantial evidence the Company exists primarily to enrich its early backers." The Report further states that "For physics to even be able to judge Starlaunch first FJET would need to *have* a rocket . . . That figure was pulled out of thin air" and alludes to an "[i]maginary rocket" and "no credible solution." These statements suggest that Starfighters is a sham and operates due to insider-enrichment motives rather than real operations. Starfighters has fully developed the engineering specifications for its StarLaunch I rocket and has undertaken multiple tests. Further, Starfighters is in the process of obtaining its license from the Federal

Baker & McKenzie LLP│830 Brickell Plaza, Suite 3100│Miami, Florida 33131│(305) 789-8900

Aviation Administration to launch said rocket. Starfighters also operates a fleet of F-104 jets, has a rocket program. Starfighters is working, through its rocket program, to be able to launch payloads into sub-orbit and orbit.

47.     The Report states that "FJET issued penny warrants for 15 million shares with a $0.33 strike . . . A Form 4 . . . indicates Fortuna's team received the distribution. Four trading days after the IPO, 11.7 million of the warrants were cashless exercised . . . a potential $192 million payday." This statement implies undisclosed insider self-dealing and improper pre-IPO enrichment. This framing is materially false and misleading. The warrants in question were issued in 2022, more than three years before the Company's IPO, and shortly before a contemporaneous $0.50 per share common stock financing. The Report's calculation of a purported "$192 million" figure by applying the post-IPO trading price to warrants issued years earlier without accounting for lockup periods, transfer restrictions, tax consequences, or non-cash exercise mechanics is analytically dishonest and factually incorrect. The Report further misidentifies recipients and misstates the terms of the distribution.

48.     The Report purports to engage in investigative reporting when it states that "[w]e uncovered relentless and misleading paid promotion for FJET stock's from CDMG, Inc. . . . Fortuna has engaged CDMG at several other companies. They were given 2.75 million warrants at $0.33, now worth ~$15 million." This statement accuses Starfighters of deceptive paid stock promotion and lavish compensation to promoters. This is demonstrably false. For one, Fortuna Investment has never engaged CDMG, Inc. as it is always companies that engage CDMG, Inc., not the shareholders or promoters.

49.     The Report also claims that "[i]n the lead-up to the IPO, Fortuna introduced retail financial media outlets like WOLF Financial to FJET, sponsoring events at Nobu and field trips to

15

the Kennedy Space Center." This statement is demonstrably false. Fortuna Investment did not introduce WOLF Financial to Starfighters—CDMG made the introduction. Indeed, Fortuna Investment met WOLF for the first time at an event at the Kennedy Space Center hosted by Starfighters.

50. The Report states that "Fortuna" raised "just $1.9 million" from investors in Starfighters, representing a "76% shortfall" from its stated goals. This characterization is misleading and the figure is demonstrably false. Fortuna Investment serves no formal role with respect to Starfighters, and Fortuna Advisors serves only in an advisory capacity and does not raise capital for Starfighters. Further, the $1.9 million figure is drawn exclusively from the Company's Form D, which captures only U.S. accredited investors. Starfighters' publicly filed Form 1-A and related filings reflect total capital raises of approximately $7.5 million across multiple tranches— figures that are a matter of public record. The Report's selective reliance on a subset of public filings to manufacture a false narrative of fundraising failure, while ignoring the broader public record, is not a good-faith error; it is a deliberate misrepresentation that has harmed Starfighters' reputation in the industry.

51. The Report further states that "FJET has attempted to air launch rockets from Cold War-era F-104s for over a decade and FAILED. Its first three attempts . . . all failed to launch a single rocket." These statements misleadingly portray Starfighters and its legacy program as serial failure with no launch capability. While Starfighters' approval for space launch capability from the Federal Aviation Administration—a complex, time-consuming process with rigorous safety, policy, and environmental reviews—remains pending, Starfighters has conducted several successful tests of its rocket platforms, including the underwing captive carry test, and successful wind tunnel testing. Starfighters has never "attempted to air launch rockets" nor has it claimed to

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

have attempted to air launch a rocket; indeed, it cannot claim as much because it is not yet licensed to do so by the Federal Aviation Administration.

52.  The Report states that "[i]n Fortuna's first three years as an advisor to FJET, the Company spent zero dollars on R&D . . . FJET appears to have zero employees." This statement misleadingly implies that Starfighters (defined here as the "Company") is not genuinely developing technology and may be a shell corporation. In essence, the Report attempts to distort the facts to present a narrative that is plainly inaccurate: that Starfighters is defrauding its investors. Nothing could be further from the truth. In actuality, Starfighters' 10-K financial statements show approximately $1 million dollars spent on Research & Development in 2025, which relate to the company's StarLaunch platform. Additionally, Starfighters has numerous independent contractors, including lead pilots, pilots, crew chiefs, crew members, mechanics, and Aircrew Flight Equipment (AFE) Technicians, that work for it. Starfighters is a legitimate corporation engaged in legitimate business. To the extent that the statement characterizes Fortuna Investment as an advisor to Starfighters it is also false. Those two entities do not currently have a formal legal relationship and have not had any such relationship since December 2024 when Fortuna Investment ceased serving in an advisory role for Starfighters.

53.  The Report alleges that Starfighters' "CEO has no engineering experience whatsoever[.]" This statement attacks the competence and suitability of leadership in a core technology and aerospace company and is presented as an unqualified fact. While Starfighters' CEO did not receive any formal engineering education, his professional experience prior to working for Starfighters is substantial. Mr. Franta worked at Energy Florida for more than a decade, becoming a renowned expert on advanced turbine technology and propulsion systems, contributing, among others, to substantive technical articles on engineering challenges relating to

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

turbine and propulsion systems in *Power Engineering*, as well as a comprehensive report addressing aerospace, propulsion, and related technologies prepared for the National Institute of Standards and Technology (NIST) and the U.S. Department of Commerce. The omission of facts concerning Mr. Franta's relevant experience in propulsion and aerospace technologies, combined with the use of absolute language, creates a false and damaging impression that harms Starfighters' reputation. Defendants deliberately excluded pertinent information to tarnish the reputation of Starfighters and its leadership.

54.     The Report states that "FJET's CFO, David Whitney, has sat on the Company's board since Fortuna was first engaged." This statement is blatantly false. David Whitney has never been a member of Starfighters' board of directors. He was appointed CFO in January 2024.

55.     The Statements contained in the Report and the Photograph were republished and/or amplified in the Posts on Umibōzu's social media platform via X. These Posts were made on April 9, 10, 11, 12, 13, 14, 15, 17, and 24, 2026, and republished the defamatory and demonstrably false statements contained in the Report.

**G. Defendants Have Refused to Stop Their Unauthorized Use of the Marks**

56.     On April 15, 2026, Plaintiffs, through counsel, served letters on Defendants,[4] as well as on X and on GoDaddy, which hosts the domain www.umibozuresearch.com. The letter to Defendants demanded that they immediately cease and desist publishing defamatory statements concerning Plaintiffs and that they permanently remove and retract the Report and the Posts. The letter, in compliance with Fla. Stat. § 770.01, notified Defendants of the written defamatory

---

[4] Because Defendants' presence online is anonymous and Plaintiffs are not aware of their identities, the letter was served on Umibōzu Research through the email address provided on the contact section of the Website, research@umibozuresearch.com.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

statements and the report in which they appeared, and provided Defendants five (5) days to respond.

57.     Defendants did not respond to Plaintiffs' notice letter. To date, Defendants have failed to publish a retraction of Umibōzu's April 10, 2026 Report or issue any corrections. Every day that passes with such false and fraudulent statements continuing to be promoted and circulated by Defendants causes further damage to Plaintiffs.

## CLAIMS FOR RELIEF[5]

### COUNT I: LIBEL
(Claim by Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar
Against All Defendants)

58.     Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

59.     Defendants, acting in concert, published demonstrably false and defamatory statements as alleged herein about Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar.

60.     Critically, though the Report purports to describe the conduct of Fortuna Investment, it more often than not refers to simply "Fortuna." Moreover, in fact, it is Fortuna Advisors that Defendants likely intended to name given its current advisory relationship with Starfighters. Regardless of the entity actually named or intended to be named, Defendants' reckless use of "Fortuna" without further qualifiers has resulted in defamatory statements against and damages to the reputations of each of Fortuna Investment and Fortuna Advisors.

---

[5] To the extent required by law or the particular set of facts set forth in this pleading, the following causes of action are pleaded in the alternative.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

61.     Defendants published these intentionally misleading, false, and defamatory statements, in writing, to unprivileged third parties including, but not limited to, readers, subscribers, and users of online and print publications, including X and umibozuresearch.com.

62.     Defendants made these negative, false, and defamatory statements in the Report and via the social media platform X with the intent and import that the statements were assertions of fact and not merely opinion or fair commentary, and with knowledge of their falsity and/or with reckless disregard for and/or negligently as to the truth or falsity thereof, and made them about Plaintiffs.

63.     Defendants' statements caused readers of the Report and the Posts, including customers, partners, investors and the market, to view Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar as dishonest, disreputable, and engaging in improper conduct, and thus have diminished the esteem, respect, goodwill and confidence in which Plaintiffs were held. Moreover, upon information and belief, Defendants' false statements have deterred third parties from doing business with Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar.

64.     Defendants' disclosure of a short position in FJET securities at the time of publication, the deliberate selection of false over available accurate information, and the coordinated timing of the Report with adverse litigation against Plaintiffs (or some subset thereof), among other things demonstrate that Defendants acted with actual malice or negligence as to the truth of such statements; disparaged Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar; and intended these statements to cause Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar pecuniary loss and harm to reputation, so that Defendants could profit from a decrease in the value of Starfighters stock.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

65.     It was foreseeable that the false and defamatory statements would be repeated by second and third parties. Defendants, as the originators, are therefore liable for each repetition of the defamatory matter by second and third parties.

66.     Defendants' false and defamatory statements caused harm to Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar, and will continue to cause harm to Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar, including without limitation: harm to their reputation and good will; interference with and damage to these Plaintiffs' relationships with their investors, partners, clients, public companies and the media.

67.     Defendants made their false, defamatory and libelous statements with actual malice or negligence, and for the express purpose of causing the foregoing harm to Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar. Defendants acted with reckless, willful or callous disregard for these Plaintiffs' rights, thereby entitling Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar to an award of punitive damages according to proof at trial.

68.     As a direct and proximate result of Defendants' conduct, Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar suffered financial and other damages in an amount to be proven at trial, including but not limited to compensatory, presumed, and punitive damages, plus costs, pre- and post-judgment interest, and other further relief as the Court may deem just and proper.

69.     On April 15, 2026, Plaintiffs provided Defendants with written notice, specifying the false and defamatory statements and the reasons for such falsity and defamation, as required by Fla. Stat. § 770.01. Defendants did not respond to this notice, and did not publish any correction, apology, or retraction.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

**COUNT II: LIBEL *PER SE***
(Claim by Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar
Against All Defendants)

70.     Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

71.     Defendants, acting in concert, published false and defamatory statements as alleged herein about Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar.

72.     Critically, though the Report purports to describe the conduct of Fortuna Investment, it more often than not refers to simply "Fortuna." Moreover, in fact, it is Fortuna Advisors that Defendants likely intended to name given its current advisory relationship with Starfighters. Regardless of the entity actually named or intended to be named, Defendants' reckless use of "Fortuna" without further qualifiers has resulted in defamatory statements against and damages to the reputations of each of Fortuna Investment and Fortuna Advisors.

73.     Defendants published these statements, in writing, to unprivileged third parties including, but not limited to, readers, subscribers and users of online and print publications, including X and umibozuresearch.com.

74.     Defendants made these negative, false and defamatory statements in the Report and via the social media platform X with the intent and import that the statements were assertions of fact and not merely opinion or fair commentary, and with knowledge of their falsity and/or with reckless disregard for and/or negligently as to the truth or falsity thereof, and made them about Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar.

75.     Defendants' statements in the Report and the Posts subject Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar to hatred, distrust, ridicule, contempt, or disgrace; and have injured Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar in their trade or profession, including by causing customers, partners, investors and the

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

market, to view these Plaintiffs as dishonest, disreputable, and engaging in improper conduct, and thus diminishing the esteem, respect, goodwill and confidence in which these Plaintiffs were held. Moreover, upon information and belief, Defendants' false statements have deterred third parties from doing business with Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar.

76.     Defendants acted with actual malice or negligence as to the truth of such statements, disparaged Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar; and intended these statements to cause Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar pecuniary loss and harm to reputation, so that Defendants could profit from a decrease in the value of Starfighters stock.

77.     It was foreseeable that the false and defamatory statements would be repeated by second and third parties. Defendants, as the originators, are therefore liable for each repetition of the defamatory matter by second and third parties.

78.     Defendants' false and defamatory statements caused harm to Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar, and will continue to cause harm to Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar, including without limitation: harm to their reputation and good will; interference with and damage to these Plaintiffs' relationships with their investors, partners, clients, public companies and the media.

79.     Defendants made their false, defamatory and libelous statements with actual malice or negligence, and for the express purpose of causing the foregoing harm to these Plaintiffs. Defendants acted with reckless, willful or callous disregard for these Plaintiffs' rights, thereby entitling Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar to an award of punitive damages according to proof at trial.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

80.     As a direct and proximate result of Defendants' conduct, Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar suffered financial and other damages in an amount to be proven at trial, including but not limited to compensatory, presumed, and punitive damages, plus costs, pre- and post-judgment interest, and other further relief as the Court may deem just and proper.

81.     On April 15, 2026, Plaintiffs provided Defendants with written notice, specifying the false and defamatory statements and the reasons for such falsity and defamation, as required by Fla. Stat. § 770.01. Defendants did not respond to this notice, and did not publish any correction, apology, or retraction.

**COUNT III: VIOLATION OF FEDERAL SECURITIES LAWS**
**(Violation of the Securities Exchange Act of 1934 as amended, 15 U.S.C. § 78i, 15 U.S.C. §78j; and Securities and Exchange Commission Rules 10b-5 (17 C.F.R. § 240.10b-5), and Reg. M (17 C.F.R. 242.105))**
(Claim by Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar
Against All Defendants)

82.     Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

83.     In violation of 15 U.S.C. § 78o(c), 15 U.S.C. § 78i & j, including Rule 10b-5, Defendants committed the following unlawful acts:

a.     Willfully employing a device, scheme or artifice by publication of the Report and the Posts to defraud in connection with an offer to sell, sale, offer to purchase or purchase of any security, directly or indirectly.

b.     Willfully engaging in an act, practice or course of business that operates as a fraud or deceit upon a person.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

c. Willfully injecting inaccurate information into the marketplace and creating a false impression of supply and demand, such as by means of matched buy and sell orders to create a misleading appearance of active trading to the downside.

d. Willfully depressing the price of Starfighters stock by effective "naked short sales," (i.e., selling Starfighters shares the Defendants never actually owned or borrowed). This practice increased the apparent supply of the stock and thereby decreased the stock's value, including the value of shares Plaintiffs Fortuna Advisors, Blue Bird, and Parmar (directly or beneficially) owned at that time and continue to own as of the date of this lawsuit.

84. The market for Starfighters stock was intended to be maintained in an efficient and honest manner. Both the market and Plaintiffs Fortuna Advisors, Blue Bird, and Parmar relied upon the assumption of a market for Starfighters stock that was free from manipulation.

85. **Violation of 15 U.S.C. § 78i (Manipulation of Securities Prices)**: By knowingly engaging in the conduct described in this Complaint (i.e., publishing the defamatory Report and Posts and spreading damaging false information about Starfighters), each Defendant, through the use of mail and wire, has knowingly and willfully violated, attempted to violate, aided and abetted, and/or solicited another to violate, the 15 U.S.C. § 78i, which makes it unlawful, *inter alia*, in connection with the short sale of a security, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange to effect, alone or with one or more other persons, a manipulative short sale of any security.

86. **Violation of 15 U.S.C. § 78j (Manipulative and Deceptive Devices)**: By knowingly engaging in the conduct described in this Complaint (i.e., publishing the defamatory

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

Report and Posts and spreading damaging false information about Starfighters), each Defendant, through the use of the mail and wire, has knowingly and willfully violated, attempted to violate, aided and abetted, and/or solicited another to willfully violate, the provisions of 15 U.S.C. § 78j, which makes it unlawful, *inter alia*, in connection with the short sale of a security, to (a) effect a short sale, or in connection with the purchase or sale, in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate in the public interest or for the protection of investors; (b) use or employ, in connection with the purchase or sale of any security, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate in the public interest or for the protection of investors; or (c) effect, accept, or facilitate a transaction involving the loan or borrowing of securities in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate in the public interest or for the protection of investors.

87.     The SEC has expressly noted that naked short selling involves the omission of a material fact and market manipulation. By knowingly and willfully engaging in the conduct described in this Complaint, (i.e., publishing the defamatory Report and Posts and spreading damaging false information about Starfighters), the Defendants have made untrue statements of a material fact or omissions of material facts and engaged in market manipulation in violation of 15 U.S.C. §§ 78i and 78j.

88.     Defendants, upon information and belief, have engaged in short sale transactions of Starfighters stock in their own proprietary accounts. Defendants published the Report and the Posts strategically to engage in market manipulation. Such conduct constitutes a deceptive or fraudulent device, scheme or artifice to manipulate the market in a security in violation of 15 U.S.C. §§ 78i and 78j.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

89.     The market for Starfighters stock was intended to be an efficient and honest market. Both the market and Plaintiffs Fortuna Advisors, Blue Bird, and Parmar repeatedly relied on the assumption that the market for Starfighters stock was free from manipulation.

90.     Some of the facts relating to the Defendants' scheme and conspiracy to commit securities fraud and/or willfully manipulate the market in Starfighters stock are known only to the Defendants and uniquely in their possession.

91.     By directly or indirectly effecting a short sale of one or more securities registered on a national securities exchange by the use of the means or instrumentality of interstate commerce, the mails, or of any national securities exchange, in contravention of rules and regulations prescribed by the SEC, including, but not limited to, Reg. M (17 C.F.R. 242.105) and Rule 10b-5 (17 C.F.R. § 240.10b-5), each Defendant has willfully violated, attempted to violate, aided and abetted, solicited another to willfully violate, or has engaged in acts involving violations of the 1934 Act. See 15 U.S.C. § 78j(a)(1).

92.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs Fortuna Advisors, Blue Bird, and Parmar suffered damages in connection with their purchase of Starfighters publicly-traded securities.

**COUNT IV: DECEPTIVE AND UNFAIR TRADE PRACTICES**
**(Violation of The Florida Deceptive and Unfair Trade Practices Act § 501.201, et seq.)**
(Claim by Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar
Against All Defendants)

93.     Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

94.     Defendants are engaged in trade or commerce within Florida.

95.     Defendants willfully engaged in misleading representations, omissions, or practices by publishing false, misleading, defamatory, offensive, and disparaging statements about Plaintiffs

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

in the Report and Posts, which offend established public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to customers, and therefore constituted and constitute an unfair method of competition and deceptive or unfair acts or practices in the conduct of trade and commerce.

96.     Defendants made intentional misrepresentations or intentionally omitted relevant information as detailed herein for the purpose of effectuating a coordinated "short and distort" scheme that was injurious to Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar and was therefore an unfair and deceptive act or practice in the conduct of their trade and commerce, in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 et seq.

97.     Such improper conduct by Defendants has caused and continues to cause the diminishment of the esteem, respect, goodwill and confidence in which Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar were held. Moreover, upon information and belief, Defendants' false statements have deterred consumers and other third parties from doing business with Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar and have caused Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar pecuniary loss and harm to their respective reputations.

**COUNT V: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
(Claim by Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar
Against All Defendants)

98.     Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

99.     Plaintiffs had prospective economic relationships and business opportunities with their shareholders, bankers, investments, prospective investments, clients, and partners from which

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

they had derived economic gain, and from which they had a reasonable expectancy of deriving future economic gain.

100.    Defendants were aware of these relationships. Defendants, through the acts alleged herein, wrongfully, knowingly and intentionally acted to interfere with and destroy or harm the existing and/or prospective business relationships of Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar.

101.    Defendants' wrongful acts alleged herein have actually interfered with and disrupted the relationships and/or prospective relationships of Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar. Defendants intentionally and unjustifiably interfered with these Plaintiffs' relationships and/or prospective relationships through the acts described throughout this Complaint, which are designed to interfere with and disrupt these relationships. Defendants' wrongful acts have been a substantial factor in causing harm to Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar through the loss of prospective economic advantage.

102.    Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar are entitled to, and should be, awarded damages caused by Defendants' actions, including without limitation, harm to these Plaintiffs' reputations and good wills, and interference with and damage to these Plaintiffs' relationships with investors, partners, clients, public companies and the media.

103.    Defendants acted with reckless, willful or callous disregard for the rights of Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar and with malice, fraud or oppression toward these Plaintiffs, thereby entitling these Plaintiffs to an award of punitive damages according to proof at trial.

Baker & McKenzie LLP ⎪ 830 Brickell Plaza, Suite 3100 ⎪ Miami, Florida 33131 ⎪ (305) 789-8900

104.    Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar respectfully request judgment against Defendants for compensatory and punitive damages, plus costs, pre- and post-judgment interest, and other further relief as the Court may deem just and proper.

## COUNT VI: CIVIL CONSPIRACY
(Claim by All Plaintiffs Against All Defendants)

105.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

106.    At all relevant times, Defendants knowingly combined, conspired, agreed, and acted in concert with one another for the unlawful purpose of manipulating the market for Starfighters' publicly traded securities and injuring Plaintiffs through the publication and dissemination of false, misleading, and defamatory statements.

107.    The object of the conspiracy was to effect a coordinated "short and distort" scheme whereby Defendants took or maintained short positions in Starfighters' stock and then disseminated materially false and misleading purported "research" to artificially depress the stock price, allowing Defendants to profit by covering their short positions at an artificially deflated price.

108.    Regardless of the object of the conspiracy, each of the Plaintiffs that was named or defamed by association in the Report (i.e., Plaintiffs Starfighters, Fortuna Investment, Fortuna Advisors, and Parmar) experienced loss of reputation and goodwill by virtue of the conspiracy that resulted in the publication of the Report.

109.    In furtherance of the conspiracy, Defendants agreed to use anonymous and pseudonymous platforms—including the Website and the X Account—to conceal their identities while lending false credibility to their statements by presenting them as independent investigative reporting.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

110.    The existence of the conspiracy is evidenced by, among other things:

a.    The coordinated creation, control, and use of the Umibōzu Research Website and X Account;

b.    The uniform messaging and repetition of the same false statements across platforms;

c.    The parallel timing of the publication and republication of the Report and Posts with market movement in Starfighters' securities;

d.    Defendants' shared financial motive and profit from the decline in Starfighters' stock price; and

e.    Defendants' collective refusal to retract or correct false statements after receiving notice pursuant to Fla. Stat. § 770.01.

111.    In furtherance of the conspiracy, one or more Defendants committed overt acts, including but not limited to:

a.    Publishing the April 10, 2026 Umibōzu Research Report;

b.    Republishing and amplifying the Report through multiple posts on X;

c.    Continuing to disseminate the false statements after some posts were removed;

d.    Maintaining anonymous infrastructure to facilitate ongoing publication; and

e.    Trading, or facilitating trading, in Starfighters' securities during the period of dissemination.

112.    Each Defendant knew or reasonably should have known of the essential nature of the conspiracy and participated therein, and the acts of each conspirator were undertaken in furtherance of the common plan.

31

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

113.   As a direct and proximate result of Defendants' conspiracy and overt acts committed in furtherance thereof, Plaintiffs suffered substantial damages, including but not limited to, artificial depression of Starfighters' stock price; loss of investment value; reputational harm; interference with business, investor, and commercial relationships; and out-of-pocket costs incurred to mitigate the effects of Defendants' misconduct.

114.   Defendants acted willfully, knowingly, and with actual malice and reckless disregard for Plaintiffs' rights, entitling Plaintiffs to recover compensatory and punitive damages, disgorgement, and injunctive relief.

### COUNT VII: AIDING AND ABETTING
(Claim by All Plaintiffs Against All Defendants)

115.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

116.   As alleged herein, one or more Defendants committed primary violations of law, including libel, violations of federal securities laws, unfair and deceptive trade practices, and tortious interference with the business and economic relationships of Plaintiffs Starfighters, Fortuna Advisors, Blue Bird, and Parmar.

117.   Each Defendant, including those who may not have authored the Report, had actual knowledge of the underlying wrongful and tortious conduct alleged in this Complaint, including that the statements disseminated about Plaintiffs were false or misleading and were being used to manipulate the market for Starfighters' securities for profit.

118.   Despite this knowledge, Defendants knowingly and substantially assisted, encouraged, and facilitated the commission of the primary wrongful acts by, among other things:

 a.   Publishing, hosting, or maintaining the Report on the Umibōzu Research Website;

Baker & McKenzie LLP ⎪ 830 Brickell Plaza, Suite 3100 ⎪ Miami, Florida 33131 ⎪ (305) 789-8900

b.      Republishing and amplifying the false statements through social media posts on X;

c.      Providing or maintaining anonymous infrastructure to conceal identities and avoid accountability;

d.      Coordinating the timing of dissemination to maximize market impact;

e.      Monetizing traffic, influence, or market effects resulting from the publication; and

f.      Continuing to disseminate the false statements after receiving notice of their falsity.

119.    Defendants' assistance was a substantial factor in enabling, exacerbating, and prolonging the harm caused by the underlying tortious and unlawful conduct.

120.    Defendants knew that their conduct would assist in the commission of wrongful acts and acted with conscious disregard of, or reckless indifference to, the rights and interests of Plaintiffs.

121.    As a direct and proximate result of Defendants' aiding and abetting conduct, Plaintiffs suffered damages including, but not limited to, loss of stock value and investment losses; harm to reputation and goodwill; lost business opportunities and interfered relationships; increased costs incurred in responding to and mitigating the false statements; and/or ongoing irreparable harm absent injunctive relief.

122.    Defendants' conduct was intentional, willful, malicious, and undertaken for personal profit, entitling Plaintiffs to compensatory damages, disgorgement of ill-gotten gains, punitive damages where available, and equitable relief.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

**REQUEST FOR PERMANENT INJUNCTIVE RELIEF**

123. Plaintiffs reallege and incorporate by reference paragraphs 1 through 122 as if fully set forth herein.

124. Defendants' statements were false and defamatory and such statements remain in publication and in circulation on the internet causing ongoing damage.

125. As a result of Defendants' libelous statements, Plaintiffs have suffered and will continue to suffer irreparable harm including, but not limited to, harm to their reputation and to their business.

126. Absent a permanent injunction barring Defendants from forming new entities and/or utilizing social media through websites, blogs, or other social media mediums, to make disparaging, false and/or defamatory statements either personally or through use of one of those entities or mediums, Plaintiffs will suffer irreparable harm.

127. The harm caused by Defendants' destructive and knowingly false statements regarding Plaintiffs outweighs any harm to Defendants if the injunction is granted. This is particularly the case as the domain on which the Report is published, www.umibozuresearch.com, contains only one publication, being the Report.

128. Plaintiffs lack an adequate remedy at law.

129. Accordingly, the Court should enter a permanent injunction: (i) enjoining Defendants from making or publishing any further false and defamatory statements regarding Plaintiffs; (ii) compelling Defendants to remove any and all defamatory and violative statements from any website they maintain and from any accounts that the control; and (iii) enjoining Defendants from forming or creating new entities with the purpose of preparing and/or publishing any false and defamatory statements regarding Plaintiffs.

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

**A.**　　granting judgment in favor of Plaintiffs and against Defendants;

**B.**　　awarding Plaintiffs general, compensatory, and special damages in an amount to be determined;

**C.**　　awarding Plaintiffs the Defendants' ill-gotten gains (disgorgement), including profits from short selling Starfighters stock;

**D.**　　awarding Plaintiffs punitive damages;

**E.**　　awarding Plaintiffs pre- and post-judgment interest;

**F.**　　awarding Plaintiffs the reasonable attorneys' fees, costs, and expenses incurred in this action;

**G.**　　permanently enjoining Defendants from making any false and defamatory statements against Plaintiffs;

**H.**　　permanently enjoining Defendants from forming or creating any new corporate entities, websites, blogs, or utilizing social media platforms to publish false and defamatory information regarding Plaintiffs in the future; and

**I.**　　granting such other and further relief as this Court shall deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted this 1st day of May, 2026.

*[Space intentionally blank. Signature block on following page.]*

Baker & McKenzie LLP │ 830 Brickell Plaza, Suite 3100 │ Miami, Florida 33131 │ (305) 789-8900

**BAKER & McKENZIE LLP**
*Attorneys for Plaintiffs, Starfighters Space, Inc., Fortuna Investment Corp., Fortuna Advisors, LLC, Blue Bird Capital Enterprises LLC, and Justus Parmar*

830 Brickell Plaza, Suite 3100
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

By: */s/ William V. Roppolo*
William V. Roppolo, Esq.
Florida Bar No. 182850
william.roppolo@bakermckenzie.com

Annasofia A. Roig, Esq.
Florida Bar No. 1018149
annasofia.roig@bakermckenzie.com